IN THE UNITED STATES DISTRICT COURT OF
THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PRINCESS CRUISE LINES, LTD. | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. NO.: _____ |
| VS | § | |
| | § | |
| WALLTOPIA ADVENTURE USA, LLC, | § | |
| WALLTOPIA AD, and SAFETY | § | |
| ENGINEERING OOD | § | |
| Defendant. | | |

## COMPLAINT

Plaintiff, Princess Cruise Lines, Ltd., ("Princess" or "Plaintiff") sues Walltopia Adventure USA, LLC ("Walltopia") and states as follows:

## PARTIES

1.      Plaintiff, Princess Cruise Lines, Ltd., is a Bermuda corporation and has its principal place of business in Santa Clarita, California.

2.      Defendant, Walltopia Adventure USA, LLC, is a limited liability company organized under the laws of the State of Texas with a principal place of business in Frisco, Texas. Walltopia may be served with process by serving its registered agent, Ivaylo Sotirov, at 1750 FM 423#1251, Frisco, Texas 75033.

3.      Walltopia Adventure USA, LLC's only member is Ivaylo Sotirov, who is domiciled in Frisco, Texas.

4.      Defendant, Walltopia AD, is a company organized under the laws of the Republic of Bulgaria, whose office is at 1B Bulgaria Blvd. Lentistsa 5570, Bulgaria.  Walltopia AD is a foreign company and can be served by and through the Hague Convention.

5.      Defendant, Safety Engineering OOD, is a company organized under the laws of the Republic of Bulgaria.  Safety Engineering OOD is a foreign company and can be served by and through the Hague Convention.

6.      Walltopia Adventure USA, LLC, Walltopia AD, and Safety Engineering OOD are referred to herein jointly as "Walltopia". The Walltopia Defendants are merely alter egos of one another.  Upon information and belief, all Walltopia Defendants acted as a single corporate entity, disregarding corporate distinctions, failing to observe corporate formalities, sharing common ownership and directorships, and comingling funds.  Accordingly, the corporate distinctions between the Walltopia Defendants should be disregarded by the Court, and the Walltopia Defendants should be considered as one legal entity.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction under 28 U.S.C. §1332(a)(1) and (c), as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.      Venue for this action is proper in the Eastern District of Texas, Sherman Division, because it is the district in which all or a substantial portion of the events or omissions giving rise to this cause occurred as described in 28 U.S.C. §1391(a). Walltopia has contractually irrevocably submitted itself to the venue of this Honorable Court for purposes of any legal action brought under the Agreement that is the subject of this lawsuit. Venue is also proper in this district under 28 U.S.C. § 1391(B)(1) because Defendant resides in this district.

2

#102531766v1

## NATURE OF THE ACTION

9.      This is an action by Princess against Walltopia for damages arising from Walltopia's defective and dangerous design and installation of family-centered cruise adventure activities on Princess's newest ship, Sun Princess, as part of Park19, a dedicated activity zone for passengers, including children as young as four years old.

10.      Princess is a premium cruise line offering a wide range of itineraries around the world, including destinations in the Caribbean, Alaska, Europe, Asia, Australia and New Zealand. Princess has built its business reputation on an unwavering commitment to delivering its passengers the highest quality service and best oceanic travel experience possible with safety a number one priority.

11.      Princess's business and reputation among passengers and travel agents depends on the reliability and dependability of its services, including the on-ship activities it provides its passengers.

12.      Walltopia, a supplier and manufacturer of recreational and activity elements, was selected by Princess to design, create, and install activity elements, including but not limited to the RollGlider, Coastal Climb, and Ropes Course, to make up an integral and fundamental part of Princess's Park19, a top-deck recreational space aboard Princess's newest ship, the Sun Princess.

13.      Walltopia's activity elements within Park19 occupy an entire section of the ship and demonstrates Princess's commitment and dedication to offer its passengers safe family-fun, entertainment, and adventure while on board the Sun Princess.

14.      Princess utilized Walltopia's services with the mutual understanding and fundamental requirement that Walltopia would deliver and install activity elements which would be compliant with all applicable safety standards and be of the highest industry standards.

3

However, Walltopia's activity elements were unsafe, defective, of poor-quality, and consistently failed to meet industry standards required for Princess to allow passengers to utilize the activity elements.

15.    During the installation and commissioning process, Walltopia consistently and routinely failed to meet deadlines and required benchmarks in terms of correct installation and safety.

16.    During this process, Princess was shocked to find the inferior, low-quality, and defective activity elements that Walltopia intended Princess's passengers to utilize.  After considerable communication to resolve Princess's concerns, Walltopia failed to offer any permissible resolution that would permit Princess to allow its passengers to utilize the activity elements in good faith.

17.    On or about June 19, 2024, Princess sent formal notice to Walltopia identifying some of the major issues with Walltopia's deficient performance of its work and material breaches of the parties' contract.

18.    Princess invested a tremendous amount of time, money, and resources into the development and implementation of Park19 for the safe enjoyment of its passengers. At the outset, Princess relied in good faith on Walltopia's stated expertise in the recreational and climbing industry to properly install activity elements in compliance with safety standards and good industry practice in order to fulfill Princess's objective of offering passengers a family-friendly activity zone. Instead, Princess was given such inadequate and low-grade activity elements that were so unsafe and unacceptable that Princess has been left with no other option than to completely remove Walltopia's activity elements from the ship.

19.     Significantly, the Sun Princess is the newest ship in the Princess fleet and does not have an upcoming dry-dock for removal and re-construction to occur. Accordingly, Princess will have to remove Walltopia's activity elements while the ship is in service, causing additional inconvenience to its passengers. Further, Walltopia's defective activity space dominates the top-deck of the Sun Princess, thereby making, a significant portion of the Sun Princess inaccessible to passengers, entirely useless, and a constant reminder of activities that cannot be used.

20.     As a direct and proximate result of Walltopia's failure to deliver safe, compliant, and satisfactory activity elements, Princess has lost tremendous goodwill in the cruise community and has significantly damaged its relationships with its valued passengers who anticipated and stated that they relied upon utilizing the activity-zone as a core component for selecting the Sun Princess.

21.     Princess is seeking recovery from Walltopia for damages and bringing claims for breach of warranties, breach of contract, and defense and indemnity for claims arising from Walltopia's breach of contract.

## FACTUAL ALLEGATIONS

22.     Walltopia holds itself out to potential customers such as Princess as qualified professionals delivering high-quality and safe adventure entertainment equipment. Based on these representations, Walltopia was asked to present bids to Princess for the design and installation of an activity park.

23.     Based in part upon Walltopia's representations, Princess selected Walltopia to perform services necessary to create and install activity elements and equipment on the Sun Princess.

5

24. On or about June 8, 2023, Plaintiff entered into an Activity Elements Manufacturing and Supply Contract with Walltopia (the "Agreement") to perform the services necessary to design, fabricate, procure and install activity elements and equipment on the Sun Princess, including but not limited to, the RollGlider, the Coastal Climb, and the Ropes Course (collectively "Park19" or "Activity Elements").

25. The Sun Princess is a cruise ship owned and operated by Princess at all material times.

26. Under the terms of the Agreement, Walltopia was required to

perform the Services contemplated by, inferable from, or necessary or desirable to achieve the objectives stated in the Specification attached as Schedule A and the Contract Documents, including all services necessary for the project to be properly constructed by the Supplier and used, operated and maintained by Client in accordance with all Applicable Standards and otherwise in accordance with this Agreement. In addition, Supplier shall familiarize itself with and review laws, codes, and regulations in place on the ship where the project will be installed and which are applicable to Supplier's Services and shall be responsible for providing Services in accordance with same.

27. In addition, under Section 5.2 of the Agreement, Walltopia was obligated to implement the subject Activity Elements "in accordance with all due skill, competence, care, diligence, prudence and foresight to be expected of appropriately qualified and experienced professional Suppliers, with experience in carrying out work of a similar scope, type, nature and complexity to that required under this Agreement; [and] comply in all respects with the Applicable Standards[.]"

28. Princess relied on Walltopia's expertise in the recreational and climbing industry to construct and implement Activity Elements in accordance with the Agreement. However, Walltopia failed to install Activity Elements that were suitable under the applicable safety standards and as contemplated by the Agreement.

6

29.     Instead, Walltopia installed Activity Elements that had glaring non-compliance with safety standards that would require structural changes to the element to be operational, including but not limited to, bent railing on the RollGlider track, unexplainable collisions on the RollGlider, insufficient space allowing for the safe operation of swinging elements, significant gaps in the structures, climbing features with no barriers to prevent reaching unsafe heights and an upside-down Ropes Course.

30.     After considerable discussions to resolve the outstanding issues in attempt to salvage the long-awaited and much anticipated Park19, it became apparent that Walltopia could not rectify the deficiencies and cure the outstanding defects.

31.     Walltopia's failure to construct or install Activity Elements in compliance with the applicable safety standards or as contemplated by the Agreement constitutes a material breach of the Agreement.

32.     Pursuant to the Agreement, where Walltopia materially breaches the Agreement and such breach remains uncured for ten (10) Business Days following notice of breach, Princess may terminate the Agreement with immediate effect by giving written notice to Walltopia and pursue all available remedies at law or equity.

33.     Pursuant to the terms of the Agreement, Princess notified Walltopia in writing of its default of the Agreement on June 19, 2024.

34.     Walltopia did not cure its default within ten (10) Business Days.

35.     Accordingly, on July 17, 2014, pursuant to the terms of the Agreement, Princess provided Walltopia written notice that it was terminating the Agreement, effective immediately, and Walltopia's Activity Elements would be removed from the Sun Princess and made available to Walltopia if they wished to retrieve them.

#102531766v1

36.    Princess has suffered considerable damages, including, but not limited to, loss of time, revenue, and goodwill with its passengers as a result of Walltopia's consistent failure to deliver a product within the terms of the Agreement.

## COUNT I: BREACH OF CONTRACT

37.    Princess repeats and re-alleges each of the allegations contained in paragraphs 1 through 36 of this Complaint as if each were more fully set forth at length herein.

38.    Under the terms of the Agreement with Princess, Walltopia was contracted to perform the services necessary to provide Activity Elements on the Sun Princess that would be compliant with applicable safety standards and executed with reasonable skill and care by experienced and qualified professionals.

39.    After a diligent investigation, Walltopia's Activity Elements are not compliant with applicable safety standards nor executed with the due skill, competence, care, diligence, prudence, and foresight as contemplated by the Agreement.

40.    Despite Princess's good faith efforts to resolve the issues, Walltopia has been unable to cure the outstanding and glaring defects in Park19 rendering it inoperable and unsuitable for passenger use.

41.    Defendant failed to fulfill its obligations under the terms of the Agreement, has failed to timely and sufficiently cure the numerous defects in Park19, and is therefore in material breach and default of the Agreement.

42.    As a direct result of Walltopia's breach, Princess has suffered significant damages, including but not limited to lost opportunity, loss of time, revenue, and goodwill with its passengers. In addition, Princess has borne the expense of removing Park 19 from the Sun Princess at considerable cost, effort, and inconvenience to its passengers and schedule.

#102531766v1

### COUNT II: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

43.     Princess repeats and re-alleges each of the allegations contained in paragraphs 1 through 36 of this Complaint as if each were more fully set forth at length herein.

44.     Walltopia is a company that deals in goods of the kind, including recreational and climbing equipment, and otherwise holds itself out as having knowledge or skill peculiar to the Activity Elements involved in the subject transaction with Princess and is a "merchant" of the subject Activity Elements within the meaning of § 2.314 of the Texas Business and Commerce Code.

45.     Walltopia had numerous contacts with Princess in person, by telephone, and through written correspondence in which Walltopia informed Princess that Walltopia could create and manufacture safe and reliable activity elements, including but not limited to the RollGlider, Coastal Climb, and Ropes Course, on the Sun Princess.

46.     Pursuant to § 2.314 of the Texas Business and Commerce Code, there is an implied warranty that Walltopia's activity elements would be merchantable as Walltopia is a merchant with respect to the subject Activity Elements.

47.     Walltopia breached its implied warranty of merchantability because the subject Activity Elements were not fit for their ordinary purpose. In fact, the subject Activity Elements delivered by Walltopia to Princess are entirely unsuitable to be used by Princess's passengers and are not compliant with the applicable safety standards or as contemplated by the Agreement.

48.     As a result of Walltopia's breach, Princess must pay significant monies to remove and reconstruct the spaces previously dedicated to Walltopia's Activity Elements. As a direct and proximate result of Walltopia's breach of warranty, Princess has suffered and will continue to suffer substantial damages, including but not limited to, removal costs, re-construction costs, lost revenue, lost goodwill, and consequential and incidental damages.

## COUNT III: BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

49.     Princess repeats and re-alleges each of the allegations contained in paragraphs 1 through 36 of this Complaint as if each were more fully set forth at length herein.

50.     Walltopia sells and contracts to sell goods, including the subject Activity Elements, and is a "seller" of activity elements within the meaning of § 2.315 of the Texas Business and Commerce Code.

51.     Walltopia knew at the time of contracting with Princess that the subject Activity Elements were intended to be installed on the Sun Princess and needed to be suitable for utilization on a cruise ship as well as comply with applicable safety standards.

52.     Walltopia knew at time of contracting with Princess that Princess was relying on the Walltopia's skill and judgment in the recreational and climbing industry to execute safe activity elements to fulfill Princess's objective of creating a family-friendly activity zone for its passengers.

53.     Walltopia delivered Activity Elements that did not meet industry standards, applicable safety standards, or as contemplated by the Agreement. As such, the subject Activity Elements are unsuitable for passengers to use and fail of their particular purpose which Princess contracted with Walltopia to provide.

54.     As a result of Walltopia's breach, Princess must pay significant monies to remove and reconstruct the spaces previously dedicated to Walltopia's Activity Elements. As a direct and proximate result of Walltopia's breach of warranty, Princess has suffered and will continue to suffer substantial damages, including but not limited to, removal costs, re-construction costs, lost revenue, lost goodwill, and consequential and incidental damages.

#102531766v1

## COUNT IV: BREACH OF EXPRESS WARRANTIES

55.     Princess repeats and re-alleges each of the allegations contained in paragraphs 1 through 36 of this Complaint as if each were more fully set forth at length herein.

56.     Walltopia both affirmed facts and made promises to Princess relating to the subject Activity Elements and Walltopia's ability to execute Princess's desired objectives of creating and implementing safe Activity Elements in efforts to convince Princess to select them as the provider of these Activity Elements.

57.     These express warranties included representations regarding safety, quality, use and capabilities of the elements.

58.     Princess relied on Walltopia's express warranties and they became part of the basis of the bargain between Walltopia and Princess.

59.     Walltopia's Activity Elements have consistently failed to meet the criteria set forth in the express warranties.

60.     As a result of Walltopia's breach, Princess must pay significant monies to remove and reconstruct the spaces previously dedicated to Walltopia's Activity Elements. As a direct and proximate result of Walltopia's breach of warranty, Princess has suffered and will continue to suffer substantial damages, including but not limited to, removal costs, re-construction costs, lost revenue, lost goodwill, and consequential and incidental damages.

## COUNT V: CLAIM FOR GUARANTY OF WALLTOPIA'S CONTRACTUAL INDEMNITY OBLIGATION TO INDEMNIFY PLAINTIFF

61.     Princess repeats and re-alleges each of the allegations contained in paragraphs 1 through 36 of this Complaint as if each were more fully set forth at length herein.

62.     Pursuant to the Agreement, Walltopia is obligated to indemnify and defend Plaintiff from and against any third-party claims, liability, suits, demands, judgments, losses, damages and

#102531766v1

expenses (including legal fees and expenses to enforce the rights of Princess) for Walltopia's breach of the Agreement and Walltopia's negligent or willful acts or omissions.

63.     Accordingly, Walltopia is liable for the damages and expenses arising from removing the inadequate Activity Elements installed on the Sun Princess, including but not limited to the RollGlider, Coastal Climb, and Ropes Course.

64.     Additionally, Walltopia is liable for the claims, damages, and expenses arising from dissatisfied customers requesting refunds for selecting the Sun Princess for the purpose of utilizing the subject Activity Elements and being unable to do so.

### DAMAGES AND OTHER RELIEF SOUGHT

65.     Plaintiff seeks judgment against Walltopia for Walltopia's material breach, default of the Agreement, breach of warranties, and for all damages resulting therefrom.

66.     Plaintiff further seeks a declaration of their rights under the Agreement, specifically that Walltopia is obligated to defend and indemnify Princess from and against any third-party claims, liability, suits, demands, judgments, losses, damages and expenses (including legal fees and expenses to enforce the rights of Princess) for Walltopia's breach of the Agreement and Walltopia's negligent or willful acts or omissions.

67.     Additionally, because it was necessary for Plaintiff to retain undersigned counsel to prosecute its claims in this lawsuit against Walltopia to enforce its rights under the Agreement, Plaintiff is entitled to recover reasonable and necessary attorney's fees and expenses pursuant to the terms of the Agreement and § 38.001 of the Texas Civil Practice and Remedies Code.

**WHEREFORE**, Princess Cruise Lines, Ltd. pray that this Complaint be deemed good and sufficient and, after all due proceedings are held, that a judgment be entered on its behalf declaring that Walltopia materially breached, and was therefore in default, of its Agreement with Princess and breached express and implied warranties made to Princess. Further, Princess is entitled to be

#102531766v1

indemnified and reimbursed by Walltopia for all liabilities and/or obligations incurred or to be incurred by Princess for all damages arising out Walltopia's material breach and default of the Agreement, including but not limited to reasonable attorney's fees, costs, and for such other relief as may be available to Princess in law or in equity.

Date:   August 16, 2024                    Respectfully submitted,

                                           JONES WALKER, LLP

                                           */s/ Tiffany C. Raush*
                                           LARA D. PRINGLE
                                           Texas Bar No. 24056164
                                           TIFFANY C. RAUSH
                                           Texas Bar No. 24099090
                                           811 Main Street, Suite 2900
                                           Houston, Texas 77002
                                           Tel:  713-437-1800
                                           Fax:  713-437-1917
                                           traush@joneswalker.com
                                           lpringle@joneswalker.com

                                           *Attorneys for Princess Cruise Lines, Ltd.*