United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| PRINCESS CRUISE LINES, LTD., § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § Civil Action No. 4:24-cv-745 <br> § Judge Mazzant <br> WALLTOPIA ADVENTURE USA, § <br> LLC, WALLTOPIA AD, and SAFETY § <br> ENGINEERING OOD, § <br> § <br> *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Walltopia Adventure USA, LLC's Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6) (Dkt. #16). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

Plaintiff, Princess Cruise Lines, Ltd., operates premium cruise line services, with destinations across the world, including the Caribbean, Alaska, Europe, Asia, Australia, and New Zealand (Dkt. #9 at ¶¶ 21–22). To entertain its passengers as they cross the seven seas, Princess contracted with Walltopia Adventure USA, LLC and Walltopia AD (collectively, "Walltopia") to manufacture and install "family-centered cruise adventure activities" (Dkt. #9 at ¶ 21). The activity elements included a roller coaster ("RollGlider"), a climbing wall ("Coastal Climb"), and a ropes course ("Ropes Course") (*See* Dkt. #9). According to the First Amended Complaint, Defendants installed unsafe, defective, and poor-quality activity elements that did not comply with regulatory and industry standards (Dkt. #26). Further, Plaintiff alleges that Walltopia lied to it and fraudulently induced it to accept the defective activity elements (Dkt. #9). Upon discovering the

deception, Plaintiff confronted Walltopia to have it correct the defective activity elements (Dkt. #9 at ¶¶ 50–54). Alas, it was to no avail (*See* Dkt. #9). Thus, Plaintiff removed the allegedly defective activity elements (Dkt. #9 at ¶ 53).

Aghast and appalled at Defendants' actions, Plaintiff filed suit against Walltopia and Safety Engineering OOD on August 16, 2024 (Dkt. #1). On November 26, 2024, Plaintiff filed its First Amended Complaint and alleged the following causes of action: (1) breach of design agreement, (2) breach of manufacturing agreement, (3) breach of the implied warrant of merchantability,(4) breach of the implied warranty of fitness for a particular purpose, (5) breach of express warranties, (6) a claim for guaranty of Walltopia's contractual indemnity obligation to indemnify Plaintiff, (7) fraudulent inducement, and (8) fraud (Dkt. #9). On January 29, 2025, Defendant Walltopia Adventure USA, LLC, filed a Motion to Dismiss Plaintiff's fraud and fraudulent inducement claims under Federal Rules of Civil Procedure 9(b) and 12(b)(6) (Dkt. #16). Plaintiff responded to that Motion on March 5, 2025 (Dkt. #21). Walltopia filed its Reply on April 2, 2025, and Plaintiff filed its Sur-Reply on March 23, 2025 (Dkt. #31; Dkt. #37).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the

plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

Rule 9(b)'s particularity requirement generally means that the pleader must set forth the "who, what, when, where, and how" of the fraud alleged. *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). A plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002). The goals of Rule 9(b) are to "provide defendants with fair notice of the plaintiffs' claims, protect defendants from harm to their reputation and goodwill, reduce the number of strike suits, and prevent plaintiffs from filing baseless claims . . . ." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (citing *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)) (citation modified). Courts are to read Rule 9(b)'s heightened pleading requirement in conjunction with Rule 8(a)'s insistence on simple, concise, and direct allegations. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). However, this requirement "does not 'reflect a subscription to fact pleading.'" *Grubbs*, 565 F.3d at 186. "Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *see Berry v. Indianapolis Life Ins. Co.*, No. 3:08-CV-0248-B, 2010 WL 3422873, at *14 (N.D. Tex. Aug. 26,

4

2010) ("'[W]hen the parties have not urged a separate focus on the negligent misrepresentation claims,' the Fifth Circuit has found negligent misrepresentations claims subject to Rule 9(b) in the same manner as fraud claims."). Failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6). *U.S. ex rel. Williams v. McKesson Corp.*, No. 3:12-CV-0371-B, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

## ANALYSIS

After reviewing the relevant pleadings and the arguments contained in the briefing, the Court finds that Plaintiff has stated plausible claims for relief for the purposes of defeating a Rule 12(b)(6) motion. The Court is also satisfied that Plaintiff has adequately pleaded the "who, what, when, where, and how" necessary to comply with the specificity requirements of Rule 9(b). *Williams*, 417 F.3d at 453.

## CONCLUSION

It is therefore **ORDERED** that Defendant Walltopia Adventure USA, LLC's Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6) (Dkt. #16) is hereby **DENIED**.

**IT IS SO ORDERED.**
SIGNED this 22nd day of August, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE