# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| PRINCESS CRUISE LINES, LTD., *Plaintiff,* | § | |
| v. | § | Civil Action No. 4:24-cv-745 Judge Mazzant |
| WALLTOPIA ADVENTURE USA, LLC, WALLTOPIA AD, and SAFETY ENGINEERING OOD, *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Princess Cruise Lines, Ltd.'s Motion to Strike and/or Exclude Defendants' Experts (the "Motion") (Dkt. #70). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This case arises from the allegedly faulty construction of a roller coaster, climbing wall, and ropes course aboard a cruise ship. The facts are more thoroughly set forth in the Court's Memorandum Opinion and Order signed on August 22, 2025 (Dkt. #45). Defendants, Walltopia Adventure USA, LLC, Walltopia AD, and Safety Engineering OOD, designated three non-retained expert witnesses to testify at trial (Dkt. #70-1 at pp. 1–6).

Plaintiff moved to strike these witnesses on July 8, 2026, alleging that Defendants provided inadequate disclosures, as required by Federal Rule of Civil Procedure 26(a)(2)(C) (Dkt. #70 at pp. 1–2). Defendants filed their Response on July 22, 2026 (Dkt. #71). The Motion is now ripe for adjudication.

## LEGAL STANDARD

### I. Expert Disclosures under Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony and provides a mandatory framework for disclosure of experts in federal court. FED. R. CIV. P. 26(a)(2)(B)–(C). The framework applies differently depending on how the expert became familiar with the facts that inform their opinion.

If a party retains or specially employs an expert to provide testimony, the party must provide a written report that includes: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. FED. R. CIV. P. 26(a)(2)(B).

Before 2010, non-retained experts, such as treating physicians, were exempt from disclosure requirements. *Hooks v. Nationwide Hous. Sys., LLC*, No. 15-729, 2016 WL 3667134, at *3 (E.D. La. July 11, 2016). After Congress's 2010 amendments to Rule 26, non-retained experts are subject to some disclosure requirements—which are less stringent than those required by Rule 26(a)(2)(B). *Id.* Under Rule 26(a)(2)(C), the propounding party must prepare a "disclosure" regarding any expert witness who does not provide a written report. The disclosure of a non-retained witness must state (1) "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and (2) "a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C).

## II. Exclusion of Experts Based on Rule 26 Violation

If a court determines that a party's disclosures fail to comply with Rule 26, it must then determine whether exclusion of the expert's testimony is warranted. Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

In evaluating whether a violation of Rule 26 is harmless, courts consider four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003) (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)). Courts consider these factors holistically, and do not mechanically count the number of factors that favor each side. *See, e.g.*, *Galvez v. KLLM Transp. Servs., LLC*, 575 F. Supp. 3d 748, 757 (N.D. Tex. 2021). "The exclusion of evidence is a harsh penalty and should be used sparingly." *Id.* (citation modified). Moreover, the Fifth Circuit has "emphasized that a continuance is the preferred means of dealing with" improperly designated witnesses. *Campbell v. Keystone Aerial Survs., Inc.*, 138 F.3d 996, 1001 (5th Cir. 1998) (citation modified).

## ANALYSIS

Plaintiff requests that the Court exclude three non-retained expert witnesses. First, Plaintiff requests that the Court strike Petar Petrov ("Petrov"), who oversaw the day-to-day production of the cruise ship attractions at issue (Dkt. #70-1 at p. 2). Plaintiff argues that Defendants failed to adequately disclose Petrov's anticipated testimony (Dkt. #70 at pp. 8–10).

Second, Plaintiff requests that the Court strike Ronald van der Lingen and Koen Messlier (collectively, the "TUV Experts")—employees of a nonparty, TUV Nord. The TUV Experts independently inspected the cruise attractions before Plaintiff filed suit (Dkt. #70-1 at pp. 1–2). Plaintiff argues that the Court should exclude the TUV Experts because the experts have refused to voluntarily submit to a deposition (Dkt. #70 at pp. 5–7).

Third, Plaintiff requests that the Court exclude the TUV Experts because Defendants inadequately disclosed the TUV Experts' anticipated testimony (Dkt. #70 at p. 6). Plaintiff requests, in the alternative, that the Court limit the deposition testimony of all non-retained experts to matters of their personal observations and inspections (Dkt. #70 at pp. 7, 11.) The Court addresses each of these arguments in turn.

## I. The Court denies Plaintiff's Motion to Exclude Petrov because Defendants properly disclosed Petrov's opinions.

Defendants adequately disclosed Petrov as a non-retained expert by providing a comprehensive summary of his anticipated testimony. Parties must provide a "meaningful summary of the facts and opinions" forming the basis of a non-retained expert's testimony. *Motio, Inc. v. BSP Software LLC*, No. 4:12-CV-647, 2016 WL 74425, at *2 (E.D. Tex. Jan. 6, 2016) (citation modified). Plaintiff argues that Defendants inadequately disclosed Petrov's testimony by merely reciting his general experience and qualifications, as opposed to identifying specific testimony (Dkt. #70 at pp. 8–9). Defendants' expert designation shows otherwise. Defendants provided an extensive summary of Mr. Petrov's expected testimony (Dkt. #70-1 at pp. 2–6).

For example, the disclosure details that Petrov will testify about the allegedly defective equipment, and specifically testify that "there is no full manual mode on this attraction as the control system retains authority over the ride envelope at all times, and rider input cannot override

the automated safety and speed limits, preventing collisions when the ride is operated as designed." (Dkt. #70-1 at p. 3). This specific line of anticipated testimony, along with several others in the designation, provides a meaningful summary of the facts and opinions underlying Petrov's anticipated testimony. *See Luci Bags LLC v. Younique, LLC*, No. 4:16-CV-377, 2017 WL 4310123, at *6 (E.D. Tex. Sept. 28, 2017) (finding a disclosure sufficient when it identified specific opinions as opposed to general "topic statements").

The disclosure is especially sufficient considering Rule 26 requires "considerably less extensive" disclosure of non-retained expert testimony than retained expert opinions. FED. R. CIV. P. 26, Advisory Committee Notes to 2010 Amendments. As such, Defendants properly disclosed Petrov.

## II. The Court will not exclude the TUV Experts for refusing a voluntary deposition when Plaintiff has not attempted to compel the witnesses' attendance.

Plaintiff argues that the Court should exclude the TUV Experts because "Defendants have been and will be unable to produce either witness for discovery in this litigation." (Dkt. #70 at p. 5). Specifically, "Defendants have consistently maintained . . . that they cannot compel [the TUV Experts] to participate in discovery." (Dkt. #70 at p. 6). Moreover, the TUV Experts reside outside of the United States, and at least one has refused to voluntarily participate in a deposition, citing a "principle of neutrality." (Dkt. #71-2).[1]

[1] Numerous district courts have expressed concern about parties hiding expert witnesses abroad. *E.g.*, *Allen v. Experian Info. Sols. Inc.*, No. SA-24-CV-157-XR, 2025 WL 1174632, at *3 (W.D. Tex. Feb. 6, 2025), *aff'd sub nom. Allen v. Experian Info. Sols. Inc*, No. SA-24-CV-157-XR, 2025 WL 1174631 (W.D. Tex. Mar. 27, 2025); *Miller v. Equifax Info Servs., LLC*, 508 F. Supp. 3d 1166, 1169–70 (N.D. Fla. 2020). This happens when a party hires a third-party investigator outside the United States's jurisdiction, asks them to investigate the subject matter of the lawsuit, and then designates the investigator as an expert. The opposing party is left with "the expensive, cumbersome process" of compelling a foreign deposition. *Allen*, 2025 WL 1174632, at *3. At least one court has addressed this issue by requiring the designating party's corporate representative to testify about the details of the third-party investigation. *Id.*

A witness will not be excluded for declining a voluntary deposition when, such as here, the movant has not attempted to compel discovery through the prescribed channels. *See MyChoice, LLC v. Taiv, Inc.*, No. 2:23-CV-507-JRG-RSP, 2025 WL 3443149, at *3 (E.D. Tex. Dec. 1, 2025) (declining to exclude an undeposed witness before the movant attempted discovery methods). Federal Rule of Civil Procedure 28(b) prescribes the methods for taking a foreign deposition—for example, parties may take a deposition under an applicable treaty or under a letter of request. Parts of Rule 28(b) were "intended to make effective use of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters . . . ." FED. R. CIV. P. 28, Advisory Committee Notes to 1993 Amendments. In the Motion, Plaintiff never alleges that it has attempted to use any of Rule 28's methods of discovery. As such, exclusion is improper at this time. *See MyChoice*, 2025 WL 3443149, at *3.

**III. The Court will order Defendants to supplement their designation of the TUV Experts because Defendants did not properly disclose the opinions of the TUV Experts.**

Defendants inadequately disclosed the opinions of the TUV Experts because they did not comply with the plain language of Federal Rule of Civil Procedure 26(a)(2)(C). Under the rule, a party must provide "a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(A)(2)(C). The language of the rule does not request a general list of topics to which the expert may testify, but an actual summary of the facts and opinions. *See Tolan v. Cotton*, H-09-1324, 2015 WL 5332171, at *7 (S.D. Tex. Sept. 14, 2015) (explaining that designations must provide the "actual substance of the opinions and testimony"); *Sneed v. Gibbs*, No. 4:23-CV-871, 2026 WL 86465, at *7 (E.D. Tex. Jan. 12, 2026) (finding a disclosure insufficient because it only contained "general topics of testimony"). Defendants' disclosure merely explains that the TUV Experts inspected the equipment at issue, and that they "may testify regarding the inspection

activities performed." (Dkt. #70-1 at p. 1). Such a disclosure provides no meaningful description of the facts underlying the testimony, or of the opinions the witnesses may render. *See Sneed*, 2026 WL 86465, at *7. As such, Defendants insufficiently designated the TUV Experts.

Accordingly, the Court analyzes four factors to determine whether Defendants' deficient disclosure warrants exclusion. *Tex. A&M*, 338 F.3d at 402. Neither party briefed this issue.

The first factor, the importance of the testimony, disfavors exclusion. The TUV Experts conducted several inspections of the allegedly deficient equipment before the lawsuit, gaining valuable insight into the condition of the equipment (Dkt. #70-1 at pp. 1–2). This testimony is understandably important to the case and therefore the Court disfavors exclusion under the first factor.

The second factor, prejudice from permitting the testimony, neither favors nor disfavors exclusion. The parties appear to dispute the neutrality of the TUV Experts, and therefore dispute whether allowing their testimony at trial would prejudice Plaintiff. (*See* Dkt. #70 at pp. 2, 6). Nevertheless, any prejudice may be mitigated by limiting the testimony of the non-retained experts to matters they personally observed, thereby ensuring that the witnesses do not testify beyond the scope of a non-retained expert. *See infra* Section IV.

The third factor, the ability of a continuance to cure prejudice, also disfavors exclusion. The Court acknowledges that a continuance is often the "preferred means of dealing with" improperly designated witnesses. *Campbell*, 138 F.3d at 1001 (citation modified). However, the Court's prior discovery extensions in this case make neither continuance nor exclusion the proper remedy at this time. *See Tex. A&M*, 338 F.3d at 402 (holding that "any prejudice was cured" by a party's ample time to investigate and contest the relevant evidence).

The Court has amended the Scheduling Order four times to accommodate this action (Dkt. #44; Dkt. #55; Dkt. #65; Dkt. #67; Dkt. #68; Dkt. #74). Moreover, Defendants first disclosed these witnesses on May 22, 2026, yet Plaintiff never alleges that it has made any effort to depose the witnesses via the Hague Convention (Dkt. #70-1 at p. 7; Dkt. #70). The Court's extensions provided ample time for discovery, and therefore these circumstances do not warrant exclusion, nor an additional continuance. *See Austin v. Sontheimer Offshore/Catering Co.*, No. CV 23-1602, 2024 WL 217498, at *5 (E.D. La. Jan. 19, 2024) ("[A]ny prejudice identified . . . has been remedied through [a prior] extension."). The Court finds that its prior continuances cured any prejudice and that a further one would be inappropriate. *See id.*

The fourth factor, the explanation for the deficiency, is neutral. Defendants allege that they, like Plaintiff, have sought to depose the TUV Experts, but have been unable to—perhaps the reason for the deficient disclosure (Dkt. #71 at p. 3). Plaintiff may dispute the sincerity of Defendants' efforts (*See* Dkt. #70 at pp. 2, 6). Nevertheless, the deficiency is not clearly due to negligence or bad faith, but perhaps the circumstances of the witnesses. As such, the fourth factor neither favors nor disfavors exclusion.

In sum, no factor favors exclusion, and two factors disfavor it. After considering the factors holistically, the Court declines to impose the harsh remedy of excluding the TUV Experts. Instead, the Court will order Defendants to serve a compliant amended expert disclosure on the Plaintiff by September 25, 2026. *See Sneed*, 2026 WL 86465, at *7; *StoneCoat of Texas, LLC v. ProCal Stone Design, LLC*, No. 4:17CV303, 2019 WL 9899919, at *10 (E.D. Tex. June 28, 2019). The disclosures must provide a summary of facts and the non-retained experts' opinions in accordance with Rule

26(a)(2)(C). Defendants then must file a notice of compliance with the Court after its amended disclosures are served.

**IV. Petrov and the TUV Experts may only testify to their personal, ground-level involvement in the events giving rise to this litigation.**

Plaintiff requests that the Court limit the testimony of all three non-retained experts to the experts' personal inspections and observations. Such is already the rule. "In defining the scope of a non-retained expert, such testimony is limited to expert opinions based on the expert's personal knowledge and observations." *Luci Bags*, 2017 WL 4310123, at *5 (citation modified). Non-retained experts may testify in response to questions that implicate their expertise, but may not opine on broader issues outside their personal involvement in the case. *Jesus Church of Victoria Texas, Inc. v. Church Mut. Ins. Co.*, 627 F. Supp. 3d 715, 723 (S.D. Tex. 2022) (citing *Ferrara Land Mgmt. Miss., LLC v. Landmark Am. Ins. Co.*, No. 1:19CV956-HSO-JCG, 2021 WL 4819461, at *2 (S.D. Miss. July 19, 2021)). Defendants agree to this limitation in their Response (Dkt. #71 at p. 8 ("Defendants agree that Rule 26(a)(2)(C) requires that their non-retained experts' testimony arises not from their enlistment as an expert, but, rather from their ground-level involvement in the events giving rise to the litigation.") (citation modified)). As such, the Court will enforce this limitation at trial, with specific evidentiary rulings reserved until then.

## CONCLUSION

It is therefore **ORDERED** that the Plaintiff's Motion to Exclude and/or Strike Defendants' Non-Retained Experts is hereby **GRANTED in part** and **DENIED in part**. It is further **ORDERED** that:

- Defendants must serve amended expert disclosures that comply with Rule 26 on Plaintiff by September 25, 2026.

- Defendants must file a notice of compliance with the Court once the amended disclosures are served.

**IT IS SO ORDERED.**

**SIGNED this 14th day of September, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE